UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TUAN MINH VO,

Petitioner,

v.

PAMELA BONDI, et al.,

Respondent.

Case No. 2:26-cv-00996-TLF

ORDER DENYING HABEAS
PETITION

Petitioner Tuan Minh Vo, a native and citizen of Vietnam, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 7. He was re-detained on November 12, 2025. *Id*. at 3.

On March 27, 2026, petitioner filed an amended habeas petition. Dkt. 7. Petitioner argues: (1) his six-month presumptively reasonable period of detention under 8 U.S.C. § 1231 has passed; (2) there is no significant likelihood of removal in the reasonably foreseeable future and his continued detention is therefore in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001); (3) his re-detention violates procedural due process; (4) the government failed to comply with its own regulations; (5) his detention is in violation of the Fifth Amendment, 8 U.S.C. § 1231,Convention Against Torture, Implementing Regulations, and the Administrative Procedure Act; and (6) and his detention constitutes punitive third-country banishment. Dkt. 7.

ORDER DENYING HABEAS PETITION - 1

Petitioner requests the Court: (1) order his immediate release; (2) issue an order preventing re-detention unless the government establishes by clear and convincing evidence at a hearing before a neutral decision maker that he is a flight risk or a danger to the community, based on changed circumstances after his most recent release by ICE; (3) an order preventing removal to a third county without notice and meaningful opportunity to respond in compliance with the statute and due process in reopened removal proceedings; (4) an order barring removal to any third country where he is likely to face imprisonment or other punishment upon arrival, (5) an order the government may not re-detain petitioner absent specific provisions. *Id*. at 27-28.

The parties consent to the jurisdiction of a Magistrate Judge. Dkt. 4.

For the reasons below, the Court DENIES the petition (Dkt. 7).

## BACKGROUND

Petitioner was born in Vietnam and entered the United States as a refugee with his family on or about April 8, 1992. Dkt. 11, Declaration of Deportation Officer Harold Britt Jr. ("Britt Decl.") ¶ 3. In 2009, petitioner was apprehended by Enforcement and Removal Operations ("ERO") Portland Fugitive Enforcement and ultimately was released from custody under an Order of Supervision (OSUP) "at an unknown date and time." *Id*. ¶ 8.

An Immigration Judge ("IJ") ordered petitioner removed to Vietnam on November 4, 2014. Dkt. 12, Declaration of Alixandria K. Morris ("Morris Decl."), Ex. 3. Because petitioner failed to appear for his initial proceedings, he was ordered removed in absentia. *Id*. His appeal was dismissed and the order became final in September 2015. *Id*. at Ex. 2; Dkt. 11, Harold Decl. ¶ 10.

ORDER DENYING HABEAS PETITION - 2

On December 1, 2016, the Department of Homeland Security ("DHS") issued a Warrant of Removal/Deportation, and two more warrants on May 17, 2017 and May 22, 2017 that were not able to be executed, although the reason those were unexecuted is unclear. Dkt. 11, Harold Decl. ¶ 11; Dkt. 10 at 7. According to the Notice of Revocation, petitioner failed to maintain a current address with ICE. Dkt. 12, Morris. Decl. Ex. 4.

Notices mailed to his last known address on June 9, 2016, November 13, 2017, March 12, 2020, July 31, 2023, and November 17, 2023 were returned as undeliverable. *Id*. The Notice also states, and petitioner does not contest, that ERO Portland repeatedly directed petitioner to resume reporting requirements and that petitioner was arrested fifteen times and convicted eight times between 2016 and 2025. *Id*. The record reflects petitioner has failed to report to ICE since November 17, 2015. *Id*.

Petitioner has been arrested 62 times between Oregon and Washington since 1994, with the last documented incident being his January 22, 2024 conviction of Theft in the First Degree, resulting in a 13-month sentence. Dkt. 12, Morris Decl. Ex. 2, Form I-213.[1]

Petitioner was re-detained on November 12, 2025. Dkt. 11, Harold Decl. ¶ 12. The government started the process of obtaining a Vietnamese Travel Document on December 8, 2025. *Id*. The government obtained a travel document to Vietnam dated May 4, 2026, submitted with a redacted expiration date. Dkt. 15, Status Report. The government intends to remove petitioner in June 2026. Dkt. 17.

---

[1] The Notice of Revocation states the final conviction was on 05/26/2023 – Theft 2. Dkt. 12, Morris Decl. Ex. 4 at 3.

ORDER DENYING HABEAS PETITION - 3

## DISCUSSION

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is in "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

### A. Jurisdiction

The Court has jurisdiction over petitioner's claims. Respondents argue that 8 U.S.C. § 1252(g) may preclude this Court from reviewing petitioner's claims. Dkt. 10 at 18 ("Moreover, to the extent Petitioner seeks an order restricting the Government's execution of the removal order or dictating the manner in which it may occur, this Court lacks jurisdiction to grant such relief.").

Although 8 U.S.C. § 1252(g) limits jurisdiction over challenges to the execution of removal orders, petitioner does not seek to enjoin or challenge removal itself. He challenges the lawfulness of his detention following revocation of an Order of Supervision and brings constitutional claims challenging the legality of his detention, which are outside the scope of Section 1252(g). *See, e.g.*, *Arenado-Borges v. Bondi,* No. 2:25-cv-02193-JNW, 2025 WL 3687518, at *2–3 (W.D. Wash. Dec. 19, 2025); *M.S.L. v. Bostock*, No. 6:25-cv-01204-AA, 2025 WL 2430267, at *7 (D. Or. Aug. 21, 2025) ("Courts have 'distinguished between challenges to ICE discretion to execute a removal order, which are barred, and challenges to the manner in which ICE executes the removal order, which are not.'" (quoting *Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137 (W.D.N.Y. May 2, 2025)). Thus, the Court has jurisdiction to hear petitioner's claims.

### B. Petitioner is Not Entitled to Relief Under *Zadvydas*

ORDER DENYING HABEAS PETITION - 4

The detention, release, and removal of noncitizens subject to a final order of removal is governed by 8 U.S.C. § 1231. "[W]hen [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days" also known as "the 'removal period.'" 8 U.S.C. § 1231(a)(1)(A). "[T]o avoid a serious constitutional threat," the Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

The Court recognized a "presumptively reasonable period of detention" of "six months." *Id.* at 701. Once the six-month period has elapsed, petitioner must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. "Once that initial showing is made, the burden shifts to the Government to respond with evidence sufficient to rebut it." *Id.*

Petitioner's period of detention exceeds the presumptively reasonable time under *Zadydas*. Yet the government has met its burden to prove there is a significant likelihood of removal in the reasonably foreseeable future. On May 4, 2026 the government received a travel document for petitioner to Vietnam. Dkt. 15. The government represents that "[o]nce the travel document is received, ICE can remove Petitioner as ICE conducts charter flights or arranges for commercial flights to Vietnam once a travel document is issued." Dkt. 10 at 9. The government states it has plans to remove petitioner in June 2026. Dkt. 17.

ORDER DENYING HABEAS PETITION - 5

The existence of a valid travel document demonstrates a significant likelihood of removal in the reasonably foreseeable future. Accordingly, petitioner is not entitled to relief under *Zadvydas*.

If petitioner remains in custody for a substantial additional period of time without any clear indication of when removal may occur, habeas relief may be proper. *See Manivong v. Mullin*, No. 2:26-CV-01123-TLF, 2026 WL 1162413, at *3 (W.D. Wash. Apr. 29, 2026).

**C.  Whether Due Process Requires a Pre- or Post- Deprivation Hearing**

Under the Due Process Clause of the Fifth Amendment, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . " This right extends to "all persons within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693.

Petitioner argues his re-detention violates the Due Process Clause under the factors created by *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Dkt. 7. The *Mathews* factors are: (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews*, 424 U.S. at 335; *Rodriquez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (2022) (assuming without deciding that the *Mathews* test applies "in the immigration detention context.").

The first *Mathews* factor weighs in the government's favor. Although petitioner has a significant liberty interest in remaining free from physical restraint, that interest is

ORDER DENYING HABEAS PETITION - 6

diminished by the petitioner's circumstances. He was arrested and charged with multiple criminal offenses, including domestic violence assault, theft, and burglary, after being released on an OSUP. Dkt. 11, Britt Decl. ¶ ¶ 2-3; Dkt. 12, Morris Decl. Ex. 2 at 4. *See Quinonez Torres v. Hermosillo*, No. 2:26-cv-00076-TLF, 2026 WL 445561 (W.D. Wash. Feb. 17, 2026). After his release, he was ordered removed *in absentia* and has not checked in with ICE since November 2015. These factors substantially lessen the weight of petitioner's private interest.

The second *Mathews* factor also weighs in the government's favor. As the Court has held, "where a noncitizen is released after an evaluation of their dangerousness and flight risk, their re-arrest and re-detention generally requires a showing of a material change in circumstance." *Quinonez Torres,* 2026 WL 445561, at *7. The record reflects multiple material changes. Petitioner failed to report to ICE for years, failed to maintain a current address, violated the conditions of the OSUP, and has numerous arrests and convictions. *See, e.g.*, Dkt. 12, Morris Decl. Ex. 4.

Petitioner asserts that ICE failed to comply with its own regulations because he was not provided with an informal interview under the governing regulations. Dkt. 7 at 12-14. The government's return asserts that ICE provided written notice, conducted the required interview, and complied with its procedures, and that petitioner provides no evidence that he was not given notice and an informal interview. *Id*.[2]

---

[2] The government also argues petitioner's petition was not properly verified. Dkt. 10 at 16-17. The Court disagrees and adopts the reasoning in *Singh v. Bondi*, No. C26-0477-KKE, 2026 WL 586230, at *2 (W.D. Wash. Mar. 2, 2026):

Habeas petitions must be verified "by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The Local Rules of this district permit another person to verify a habeas petition on behalf of someone in custody so long as that person "set[s] forth therein the reason why it is not made and verified by the party in custody, and shall state he or she knows the facts set forth therein,

ORDER DENYING HABEAS PETITION - 7

Petitioner was provided a Notice of Revocation of Release, which bears a November 12, 2025 signature of the Acting Field Office Director, stating that ICE has determined petitioner violated conditions of his release listed on the Order of Supervision, including arrests, failures to appear, and convictions, spanning from March 10, 2016 to May 26, 2023. Dkt. 12, Morris Decl., Ex. 4. The record further demonstrates that ICE obtained a Vietnamese travel document and that petitioner is subject to a final order of removal. There is nothing in the record showing that petitioner has any basis to challenge the final order of removal; the probable value of additional or substitute procedural safeguards is minimal.

The instant case may be contrasted with the situation in *Zheng v. ICE, et al.,* No. 2:25-cv-02483-TLF, 2026 WL 850531 (March 27, 2026), where the government had not complied with its regulations concerning third country removal, and Mr. Zheng did not have a significant likelihood of removal in the reasonably foreseeable future. Here, the Government has secured travel documents and has stated they intend to remove petitioner during June 2026. *Cf., Douglas v. Baker,* No. 25-cv-2243-ABA, 2025 WL 2687354 (September 19, 2025) (government did not comply with regulations concerning post-detention interview; post-deprivation interview hearing was ordered as a habeas corpus remedy; Court found there was not any evidence that 8 C.F.R. § 241.4(g)(4) would apply, because the government was not ready to execute an order of removal).

---

or if upon information and belief, the sources of his or her information shall be stated." Local Rules W.D. Wash. LCR 100(e)."

ORDER DENYING HABEAS PETITION - 8

Therefore, because the government has secured travel documents and petitioner's removal is imminent, a post-deprivation hearing, beyond the informal interview that the government states has already occurred, is not required to address the second *Mathews* factor.

The third and final *Mathews* factor also weighs in the government's favor. "[T]he government clearly has a strong interest in preventing [noncitizens] from 'remain[ing] in the United States in violation of our law.'" *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (2022) (quoting *Denmore v. Kim*, 538 U.S. 510, 518 (2003)). "[W]e 'must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative'" of the executive and legislature. *Id.* (quoting *Landon v. Plasencia*, 459 U.S. 21, 34 (1982)). That interest is particularly strong where, as here, ICE identified repeated violations of supervision conditions and a prolonged failure to report.

Balancing the *Mathews* factors, the Court concludes that petitioner has not established a procedural due process violation warranting habeas corpus relief

### CONCLUSION[3]

For these reasons, the Court DENIES petitioner's habeas corpus petition (Dkt.7).

…

Dated this 5th day of June, 2026.

---

[3] Because the government seeks to remove petitioner to Vietnam only (Dkt. 10 at 14-15), plaintiff's punitive third-county banishment claim is DENIED.

ORDER DENYING HABEAS PETITION - 9

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING HABEAS PETITION - 10